JOSEPH McCULLOCH *v.* WILLIAM E. DODGE & another.

The time of redemption of a tax title, accrued under the act contained in the Digest of 1844, is not enlarged from six months to one year by the act of March 13, 1855, contained in the Revised Statutes of 1857; the proviso in the repealing clause in the latter act expressly saving all rights vested under the former act.

Where the time of redemption is past, if the owner of an estate sold for taxes would avail himself of a waiver of the tax title, made on condition that he would on a day certain exhibit proof of his ownership and former right to redeem, he must comply with the condition before he can avail himself of the waiver.

Upon a mere bill to redeem a tax title upon the ground that the tender required by the statute had been made within the legal time of redemption, the complainant can have no relief upon the grounds, that no tax was assessed, or that the tax was illegally assessed, or that the person who acted as collector of taxes was not collector, or that the sale was void, or the deed void, although the bill speaks of the sale as made by a per-

son who *assumed* to be collector, and of the assessment and sale and deed as *pretended;* the bill not seeking relief upon these latter grounds, and containing no specific allegations fitted to them.

This was a bill in equity to redeem three lots of land in North Providence, near the village of Pawtucket, which had been sold by the collector of North Providence for non-payment of taxes assessed thereon against one Hugh Maxwell, under whom the complainant claimed to derive title; the defendant, Dodge, being the purchaser of the lots at the collector's sale, and the defendant, Brown, a grantee of the same from Dodge. The sale took place on the 27th day of December, 1854, on which day the collector's deed to Dodge bore date. Dodge's deed to Brown bore date on the 5th day of September, 1855. The allegations of the bill, and the facts proved are sufficiently stated in the opinion of the court.

*T. A. Jenckes,* for the complainant.

1. Every prerequisite of the statute, however unessential and unimportant, relating to the levy, assessment, and collection of taxes, must be complied with, in order to the validity of a tax title. Blackwell on Tax Titles, 81, 82; *Hawkins* v. *Kempe*, 3 East, 410; *Sumner* v. *Sherman*, 13 Verm. 602; *Brown* v. *Veazie*, 25 Maine, 359; *Little* v. *Thurston*, 3 Mass. 432. The law requires that taxes on real estate shall be assessed to the owners, and that separate tracts or parcels shall be separately described and valued, as far as practicable. Rev. Stats. ch. 38, § 4. It is stated in the bill, and admitted in the answer, that the land in question was divided into parcels, numbered 7, 8, and 9; but there is no allegation or shadow of pretence that the land was assessed and valued in the manner required by this section. This prerequisite is indispensable to the validity of the tax. Blackwell on Tax Titles, 130, 183; *Thurston* v. *Little*, 3 Mass. 429.

Again, the statute requires that the collector shall give notice of the time and place of sale in some newspaper printed in the town, if there be one, and if none be printed in the town, then in some newspaper printed in the state, for the space of three weeks. Rev. Stats. ch. 40, § 11. Such advertisement is a prerequisite under the statute to the validity of a tax title. Black-

well on Tax Titles, 253, 254 and cases cited. It is not in any manner alleged or pretended that the sale in the present case was advertised in the manner thus prescribed.

2. There is no *proof* that any of the statute prerequisites to the validity of a tax sale have been complied with; the general allegation of the answer, that all requisites had been complied with, being no proof, and the *onus probandi* resting upon those who claim under a tax sale. Blackwell on Tax Titles, 94.

3. The assessment of the tax was void, being signed by but three out of the seven assessors appointed. Blackwell on Tax Titles, ch. 3, § 7.

4. In such a case, there being no adequate remedy at law, the proper relief is in equity, in order that the cloud cast upon the complainant's title by this void tax title, may be removed. *Yancy et al.* v. *Hopkins,* 1 Munf. R. 410, 437; *Corporation of City of Washington* v. *Pratt et al.* 8 Wheat. 681; 9 Ib. 838, 846; *Hamilton* v. *Cummings,* 1 Johns. Ch. R. 517; *Apthorp* v. *Comstock,* 2 Paige, 482; *Petit* v. *Shepherd,* 5 Ib. 493; *Grover* v. *Hugell,* 3 Russ. 432; *Hawkshaw* v. *Parkins,* 2 Swanst. 546.

5. The objection to the jurisdiction of the court, the respondents having answered the bill, and the court being competent to relieve, comes too late. *Grandin et al.* v. *Leroy & Smith,* 2 Paige, 509; *Ludlow* v. *Simond,* 2 Caines Cas. in Error, 1, 40; *First Cong. Soc. &c.* v. *Trustees, &c.* 23 Pick. 148; *Underhill* v. *Van Cortlandt,* 2 Johns. Ch. R. 369; *Livingston* v. *Livingston,* 4 Ib. 290; *Bank of Kentucky* v. *Schuylkill Bank,* Parsons Eq. Cas. 222.

*Burges & Brownell,* for the defendants.

1. The estate was rightfully taxed to Hugh Maxwell.

2. It was rightfully sold by the collector for the non-payment of taxes.

3. There was no offer by the plaintiff to redeem, nor by any other person in his behalf, within the six months prescribed by the statute. Dig. 1844, p. 433.

BRAYTON, J. This bill, in its frame, is a bill to redeem from a tax title. The allegations of the bill are directed to this end, and the prayer of it is, that the defendants may be decreed to convey to the plaintiff, upon payment to them of the amount

by them paid, with twenty (20) per cent. in addition thereto, as the statutes provide, in case of sale for taxes.

Although it is alleged in the bill that the person who executed the deed to the defendant, Dodge, assumed and pretended to be a collector of taxes, that he made a pretended sale for the alleged purpose of collecting a tax alleged by him to have been assessed upon the estate by the assessors of taxes of the town of North Providence, and that a pretended collector had executed the deed, it is not alleged, nor anywhere stated, that no such tax was assessed, or that it was illegally assessed, or that Martin was not collector, and authorized to collect, and for non-payment, to sell the estate.

The bill assumes, therefore, that the tax was legally assessed, that Martin was the collector, that he regularly sold the estate for the payment of the tax assessed thereon, and alleges, that the plaintiff has tendered to the defendant, Dodge, the amount paid by him at the sale, with twenty (20) per cent. in addition thereto, and also made the same tender to the defendant, Brown, and demanded a reconveyance from each of them, which they refused, and for relief asks, that they may be compelled to convey upon payment of such sum ; and the question is, if the plaintiff has established any right to redeem the estate now, upon payment? By the 36th section of the act regulating the assessing and collecting of taxes, Digest of 1844, page 433, it is provided, that in case of sale for taxes, the owner of the estate sold, his devisees and heirs, " shall have the right, within six months after the sale, to redeem the same, upon repaying to the purchaser the amount paid therefor, with twenty per cent. in addition." The bill alleges that the tender was made after the expiration of six months from the time of sale, and alleges no tender made at an earlier date, or any earlier request to be allowed to redeem. Although the act makes the estate in the hands of the purchaser defeasible until the expiration of the six months, it becomes absolute in him on the expiration of that time. Under this provision, the right of the plaintiff to redeem has become barred by lapse of time.

After the sale of this estate and the purchase by Dodge, viz. at the January session, 1855, the General Assembly passed a

new statute regulating the assessing and collecting of taxes, containing new provisions, and repealing all other acts regulating the assessing and collecting of taxes. This act went into effect on the 13th day of March, 1855. By its 44th section, it was provided, that the owner might redeem from a tax sale, upon payment to the purchaser of the sum by him paid, with twenty (20) per cent. in addition, at any time within one year after the sale, or, if suit be brought involving the validity of the sale within one year, that he might redeem within six months after final judgment in such suit.

The repealing clause of this last act contains this proviso : — "that all rights, vested in any persons by virtue of any act hereby repealed shall remain unimpaired by this act, and all matters commenced by virtue of any act so repealed may be prosecuted and pursued to final judgment in the same manner as if this act had not been passed, and no new provision in this act shall affect any action or suit now pending, or judgment rendered." The plaintiff claims that under this act the time to redeem is extended to one year after the sale, and as he tendered, and offered to redeem within that time, he is now entitled to this remedy. The proviso of the repealing clause is expressed in language too strong to admit the plaintiff's construction ; all idea of extending the time of redemption is so entirely excluded.

All rights vested under the repealed act are to remain unimpaired. The purchaser under the repealed act took the conveyance of the estate upon a condition that it should for six months be defeasible at the election of the prior owner, and to be absolute if he did not elect within that time. The right of the purchaser became vested under the former act, and is not to be impaired by restricting his rights, or enlarging those of the owner. But that no doubt might arise, it further provides, that all matters commenced under the repealed act, or which not being then commenced, might thereafter be commenced by virtue of the repealed act, should be prosecuted and pursued without reference to this act, and as if it did not exist. The plaintiff can therefore derive no benefit from the tax acts as they now stand in enlarging the time of redemption, but his

McCulloch *v.* Dodge & another.

right must depend upon the provisions of the repealed act. Though his bill was filed within one year, his right must be determined by the repealed act, by which the time of redemption is limited to six months after the sale.

The plaintiff urges, however, in order to relief under this bill, that there was a waiver of the forfeiture by Dodge, the defendant, after the expiration of the six months, and that the said Dodge, by his answer admits, that he expressly promised the plaintiff to release to him the tax title on repayment of the amount paid for the estate, with the twenty (20) per cent. additional. The bill sets up no such ground of relief. It is nowhere alleged that there was any waiver by either defendant, or any promise by either to convey, or any negotiation, correspondence, or conversation between the parties upon the subject.

The answer of the defendant, Dodge, so far as it relates to the redemption of the estate is, that the plaintiff was directed to call upon him, Dodge, on the 14th of July, 1855, and bring the evidence of his title, if he had any; that he did come on that day, but brought no evidence, and the defendant declined to give a deed until he brought this evidence of his title. As he could not then explain to the defendant what his title was, he was directed to call on the next Saturday, show his deed, and pay what the defendant had paid out in costs, and he, the defendant, would give him a deed back; but that the plaintiff being indignant and venting those feelings strongly, he, Dodge, in order to be relieved from the annoyance, told him, if he would then depart and come on Saturday next with his deed, he should have a release, and if they could not agree upon the terms he should have one without any agreement. The plaintiff promised to be there at the time appointed, but did not come at that time, nor did he again come until some time in September following. He then demanded a deed, and said he had a piece of gold; he, however, brought no evidence of his title, which the defendant insisted upon his producing. The defendant again refused to convey until evidence of title was furnished, but at the same time told the plaintiff to bring his deed, and twenty per. cent, and he should have the lot; but the plaintiff has never at any time produced any deed or evidence of title.

The defendant's title, before the first interview with the plaintiff, had become absolute, and the right of redemption lost to the plaintiff. The defendant, however, might have waived his right, and have permitted the plaintiff to redeem after his right at law had become extinguished, but in doing so, he had the right to make his own terms, and to impose upon the plaintiff whatever conditions he chose for a reconveyance. In the exercise of his right he did insist, and always, that the plaintiff should first produce his deed, — show his title, — and furnish the defendant with some evidence that he was at some time entitled to redeem. This was not an unreasonable condition, and it might easily have been complied with by the plaintiff if he really desired a reconveyance, and that were his only object. But this condition he would never submit to. He steadily, and at all times, declined to accept the terms offered by the defendant, — refused to produce any deed, — to show any title, or to give any evidence that before the expiration of the six months, he had been entitled to redeem, or had any interest in the estate. There is no equity, certainly, to hold the defendant bound by a promise to the plaintiff which he refuses to accept. Before the plaintiff can claim the benefit, he must at least comply with the condition on his part. The tender, even, which he alleges in his bill is denied by the answer, and is not proved; so that he neither produces his deed, nor offers to pay, both which were conditions of a release by the defendant.

The plaintiff, however, claims relief here upon another ground, that the tax sale in this case is void, and the deed made by the collector is void, — conveying no title to the defendant, — and that while the deed of conveyance remains, it is a cloud upon the title of the plaintiff, and should be ordered to be cancelled, or a reconveyance ordered, and the cloud be removed thereby. As before suggested, there does not seem to be any foundation laid in this bill for this kind of relief. There is no statement in the bill that no tax was assessed, that it was illegally assessed, or that the assessment was void; that the person who acted and assumed to be a collector of taxes was not a collector of taxes, that the sale was void, or that the deed was void. In stating the pretences of the de-

fendant the bill says, they sometimes pretended that the sale and conveyance was valid, notwithstanding the tender alleged in the bill to have been made. But the bill even here does not charge that what the defendant pretended was not true, much less does it charge the sale and conveyance to be void. The prayer of the bill admits the validity of the conveyance, and only claims that it was avoided and defeated by the tender made, and asks, not that the deed shall be declared to be void and surrendered up to be cancelled, but assuming the original validity of the defendant's title, asks that they may be decreed to reconvey the estate.

The plaintiff having failed to show any right to redeem, and there being no ground stated in the bill for any other relief, the bill must be dismissed with costs.